UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA


v.                          CRIMINAL ACTION NO. 2:19-00248


RONALD LUCAS, JR.


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On July 8, 2025, the United States of America appeared by Gabriel Price, Assistant United States Attorney, and the defendant, Ronald Lucas, Jr., appeared in person and by his counsel, Willard Clinton Carte, Assistant Federal Public Defender, for a hearing on the petition and amendment seeking revocation of supervised release submitted by Senior United States Probation Officer Jeffrey Bella.  The defendant commenced a 3-year term of supervised release in this action on February 7, 2023, as more fully set forth in the Judgment in a Criminal Case entered by the court on June 12, 2020.


The court heard the admissions of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on May 9, May 22, 2023, and October 24, 2023, the defendant submitted urine specimens that tested positive for amphetamine and methamphetamine; (2) on October 19, 2023, the defendant committed the felony offense of conspiracy to commit breaking and entering of which he was convicted in the Circuit Court of Putnam County, West Virginia, and on January 23, 2025, was sentenced to 1-5 years imprisonment; (3) on November 13, 2023, the defendant committed the offense of domestic battery, and was thereafter found guilty of that state offense in the Magistrate Court of Putnam County, West Virginia, for which he was sentenced to a term of imprisonment of one year; all as admitted by the defendant, and all as set forth in the petition and amendment on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further,

2

that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS plus ONE (1) DAY coupled with TWENTY-FOUR (24) MONTHS less ONE (1) DAY of supervised release upon the same terms and conditions set forth in the June 12, 2020, Judgment Order and the additional conditions and amendments as noted on the record of the hearing, and as more fully set forth in Exhibits A, B, and C attached hereto.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

3

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  July 14, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge

**MANDATORY CONDITIONS**
**pursuant to 18 U.S.C. § 3583(d)**

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. You must cooperate in the collection of DNA as directed by the probation officer.

5. You must participate in an approved program for domestic violence.

Exhibit A

## AO 245B STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses

Exhibit B

you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers) and shall reside in a residence free from such items.

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

Exhibit B

**LR Cr P 32.3.** <u>Standard Conditions of Probation and Supervised</u>
<u>Release in all Criminal Cases</u>
<u>with amendments as set forth at hearing</u>

(1) The defendant shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program, including in-patient substance abuse treatment, as directed by the probation officer. The defendant shall not use any method or device to evade a drug screen.  In addition, the defendant shall submit to random urine screens at a rate of no less than once every two weeks for the first six months of supervised release.

(2) If the defendant is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia  or similar organization.

(3) As directed by the probation officer, the defendant shall make co-payments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

(4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

(5) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulant.

(6) That the defendant make himself available for drug abuse counseling and treatment, as well as mental health treatment, as directed by the probation officer.

Exhibit C                                          Page 1| 1